**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1. RUBY JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | )   Case No. CIV-2021-457-R |
| v. | ) |
| | ) |
| 1. CITY OF OKLAHOMA CITY, a Municipal | ) |
| Corporation; | ) |
| 2. DAN BRADLEY, in his individual capacity; | ) |
| 3. RYAN STAGGS, in his individual capacity; | ) |
| 4. JAMES RAY, in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO STRIKE AND BRIEF IN SUPPORT

**COMES NOW** Defendant, The City of Oklahoma City ("City"), by and through

its counsel, Richard N. Mann and Thomas L. Tucker, and pursuant to Rule 12(f) of the

Federal Rules of Civil Procedure (FRCP) moves to strike photographs from the Plaintiff's

Amended Petition as immaterial.   In support hereof the City respectfully shows as

follows:

1.   The Plaintiff has included seven (7) photographs throughout her Amended

   Petition.  (This lawsuit was initially filed in the District Court of Oklahoma

   County, and timely removed by the City to this Court on May 6th, 2021)

2.   The photographs embedded in the Amended Petition appear to be from one or

   more of the Body Worn Cameras of Oklahoma City Police Officers during

   their encounter with the Plaintiff on August 24th, 2020.

3. The photographs are not particularly clear but appear to represent various stages of Plaintiff's resistance to arrest and physical altercation with the officers for which she is now suing the City for negligence and the officers for civil rights violations.

4. While the photographs do not appear to be randomly placed throughout the pleading, they are not specifically related to a particular allegation although they follow paragraphs that would suggest a connection.

5. The photographs are not written allegations or factual statements and they do not contain any written words within them.

6. As the photographs do not amount to, or contain, written allegations or factual statements, they are not consistent with the pleading code and should be stricken as immaterial.

7. The inclusion of the photographs is prejudicial to the City because a petition or complaint should consist of allegations and not potential exhibits which have been untested through the discovery process.   Similarly, the inclusion of the photographs is prejudicial to the City as there is no manner of response provided for in the pleading code that would allow the City to prepare an answer to such photographs.

8. As Plaintiff and her lead counsel, Damario Solomon-Simmons have held at least one press conference about the subject of her arrest, the inclusion of the photographs in the body of the petition are just another attempt to publicize this case and taint the potential jury pool which is also prejudicial to the City.

## BRIEF IN SUPPORT

Pursuant to the pleading code at FRCP 8, "…a pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction… (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief…"   There is no provision in Rule 8 that provides for including photographs in the body of the petition.

The only pleading rule that remotely addresses "exhibits" in a pleading is found at FRCP 10 (c), and it limits exhibits to a pleading to a "written instrument."  Photographs do not amount to "written instruments" by any stretch of the imagination.   Typically, "…[t]he Rules consistently describe pleadings as containing 'statements' and 'allegations', see Fed. R. Civ. P. 8,9, and such language does not contemplate photographs or other objects…" *Nkemakolam v. St. John's Military Sch.*, 876 F. Supp. 2d 1240, 1246 (D. Kan. 2010).

In the *Nkemakolam* case, the District Court ordered stricken from the complaint, an x-ray of a broken bone suffered by a plaintiff as well as a photograph of another plaintiff bound by tape.  In so ordering the Court said, "…the x-ray and the photograph attached to plaintiff's complaint are not intended as assertions of fact or expressly incorporated into the body of the complaint; rather they are clearly intended as evidence to support specific factual allegations by plaintiffs.  They are not 'written instruments' and thus are not the types of exhibit contemplated by Rule 10…" at 1247.

3

In another case relying heavily on the *Nkemakolam* decision, a U.S. Magistrate in the U.S. District Court in Kansas struck 32 photographs of electrical burns suffered by a plaintiff.   In *Rowan v. Sunflower Elec. Power Corp.*, 2015 U.S. Dist. Lexis 162977, 2015 WL 8024320, (copy attached hereto as Exhibit 1), the court there determined that the 32 photographs did not add to the otherwise sufficient complaint and were therefore immaterial.   The court noted, "…the purpose of the complaint is not to prove a plaintiff's case, but to state a clear, plausible claim for relief which places defendant on notice…the photographs do not add to the substance of the complaint, and are therefore immaterial." (at  page 5).

Another federal district court in North Carolina also relied on the *Nkemakolam* case when it struck Plaintiff's arrest mug shot from the *Defendant's* answer because it was immaterial and not allowed by the rules.   *EEOC v. Bo-Cherry, Inc.,* 2013 U.S. Lexis 74627, (at *7). (copy attached as Exhibit 2). As the court aptly put the matter there: "…the rule recognized by the Nkemakolam court also makes commonsense as complaints and answer are vehicles for teeing up claims and defenses, not offering or introducing proof of those claims…" at *10.   There would be no prejudice to a party seeking to introduce such items into evidence at a later date.

Also, while not a basis for the motion to strike, Plaintiff not only fails to authenticate the embedded photographs, there is no suggestion as to the origin of these photographs.   The City is left to presume that the  photos are stills from the body worn cameras of the officers. Even if Plaintiff were to offer some suggestion of authentication

of the photographs consistent with FRE 901(a), their inclusion in a complaint would still be inconsistent with rules of pleading therefore making them immaterial.

The City is prejudiced by the inclusion of the photographs in two ways: first, there is no way for the City to adequately respond in an answer, or motion to dismiss as the photographs are simply not allegations, or statements that the City can respond to at this time. They very well might be items for evidence as some later date so there is no prejudice to the Plaintiff by striking them from the pleading. Second, given the social climate railing against police nationwide, placing photographs in the public record by putting them in a pleading, not once, but now twice in filing a petition and then an amended petition without any scrutiny whatsoever could be construed as a shameless attempt to publicize this case and influence potential jury pools. Whether Plaintiff likes it or not, the City is entitled, at some time, to a fair opportunity to present its case before an impartial jury.

The Court should strike the photographs from the Plaintiff's pleading and make the Plaintiff amend so the City can consider for a responsive pleading.

Wherefore the City requests that the Court enter an Order striking all photographs from Plaintiff's pleadings and file an amended complaint without such exhibits.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

/s/ Richard N. Mann
Richard N. Mann, OBA #11040
Thomas L. Tucker, OBA #20874
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
(405) 297-2451
richard.mann@okc.gov
thomasltucker@okc.gov
Attorneys for Defendant City

## CERTIFICATE OF MAILING

I hereby certify that on the 19th day of May, 2021, I electronically transmitted the attached Motion to Strike and Brief in Support to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: Damario Solomon-Simmons, J. Spencer Bryan, Steven J. Terrell, and M. Kevin McIlwain, Attorneys for Plaintiff.

/s/ Richard N. Mann
Assistant Municipal Counselor