IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RUBY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-21-457-R |
| | ) | |
| (1) CITY OF OKLAHOMA CITY, | ) | JURY TRIAL DEMANDED |
| a municipal corporation; | ) | |
| (2) DAN BRADLEY, in his individual | ) | |
| capacity, | ) | |
| (3) RYAN STAGGS, in his individual | ) | |
| capacity, and | ) | |
| (4) JAMES RAY, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT DAN BRADLEY
TO PLAINTIFF'S AMENDED PETITION**

In response to the allegations of Plaintiff's Amended Petition (Doc. No. 1-3), Defendant Dan Bradley, in his individual capacity, alleges and states:

## I.  INTRODUCTION

1.      With respect to the allegations of Paragraph 1, Defendant Bradley admits the action is brought under federal and state law.  The remaining allegations of Paragraph 1 are denied.

## II.  PARTIES, JURISDICTION & VENUE

2.      Defendant Bradley is without sufficient knowledge or information to admit or deny the allegations of Paragraph 2; therefore they are denied.

3.      Admitted.

4.      With respect to the allegations of Paragraph 4, Defendant Bradley admits he was acting under color of state law and within the scope of his employment as an OCPD officer.  The remaining allegations of Paragraph 4 are denied.

5.      The allegations of Paragraph 5 of Plaintiff's Amended Petition do not pertain to Defendant Bradley, and are therefore neither admitted nor denied.

6.      The allegations of Paragraph 6 of Plaintiff's Amended Petition do not pertain to Defendant Bradley, and are therefore neither admitted nor denied.

7.      With respect to the allegations of Paragraph 7, the case has been removed to the Western District of Oklahoma.  Defendant Bradley admits this court has jurisdiction and is a proper venue.

8.      The allegations of Paragraph 8 of Plaintiff's Amended Petition do not pertain to Defendant Bradley, and are therefore neither admitted nor denied.

## III.  FACTUAL BACKGROUND

9.      Defendant Bradley's responses to the allegations contained in Paragraphs 1-8 of Plaintiff's Amended Petition are restated and incorporated by reference.

10.     Admitted.

11.     Admitted.

12.     With respect to the allegations of Paragraph 12, Defendant Bradley denies he asked for consent.  Defendant Bradley is without sufficient knowledge or information to admit or deny the allegations of this paragraph as they relate to the actions of other officers at the scene; therefore, the allegations are denied.

2

13.     With respect to the allegations of Paragraph 13, Defendant Bradley denies that he informed Plaintiff the officers had a warrant.  Defendant Bradley is without sufficient knowledge or information to admit or deny the allegations of this paragraph as they relate to the actions of other officers at the scene; therefore, the allegations are denied.

14.     With respect to the allegations of Paragraph 14, Defendant Bradley admits that he entered the house.  Defendant Bradley is without sufficient knowledge or information to admit or deny the allegations of this paragraph as they relate to the actions of other officers at the scene; therefore, the allegations are denied.

15.     With respect to the allegations of Paragraph 15, Defendant Bradley admits that Chauncey Jones was in a bedroom.  He is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph;  therefore, the allegations are denied.

16.     With respect to the allegations of Paragraph 16, Defendant Bradley denies that he drew his gun. Defendant Bradley is without sufficient knowledge or information to admit or deny the allegations of this paragraph as they relate to the actions of other officers at the scene; therefore, the allegations are denied.

17.     Denied.

18.     With respect to the allegations of Paragraph 18, Defendant Bradley admits Plaintiff said Chauncey Jones did not have a gun. He is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph; therefore, the allegations are denied.

19.     With respect to the allegations of Paragraph 19, Defendant Bradley admits he made the statement "you're fixing to go sit in the car."  The remaining allegations are denied.

20.     Denied.

21.     With respect to the allegations of Paragraph 21, Defendant Bradley admits another officer assisted him in handcuffing Plaintiff but is not sure who the officer was.

22.     Defendant Bradley is without sufficient knowledge or information to admit or deny the allegations of Paragraph 22, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

23.     With respect to the allegations of Paragraph 23, Defendant Bradley admits he was holding Plaintiff's right arm. The remaining allegations are denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     With respect to the allegations of Paragraph 27, Defendant Bradley admits Plaintiff said officers were hurting her arm.  He is without sufficient knowledge or information to admit or deny the remaining allegations; therefore they are denied.

28.     With respect to the allegations of Paragraph 28, Defendant Bradley admits Plaintiff is quoting from the OCPD Operations Manual, but denies that his actions were in violation of the quoted policy.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     With respect to the allegations of Paragraph 39, Defendant Bradley admits he was holding Plaintiff's right arm. The remaining allegations are denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     With respect to the allegations of Paragraph 43, Defendant Bradley admits Plaintiff was placed in a patrol car.  The remaining allegations are denied.

44.     Denied.

45.     The allegations of Paragraph 45 of Plaintiff's Amended Petition do not pertain to Defendant Bradley, and are therefore neither admitted nor denied.

46.     With respect to the allegations of Paragraph 46, Defendant Bradley admits Plaintiff was not charged with or convicted of a crime arising out of this incident. He is without sufficient knowledge or information to admit or deny the remaining allegations; therefore they are denied.

5

## IV.  CAUSES OF ACTION

### COUNT I—42 U.S.C. §1983
### Fourth Amendment Violation—Excessive Force
### (As to Defendants Bradley and Staggs)

47.    Defendant Bradley's responses to the allegations contained in Paragraphs 1-46 of Plaintiff's Amended Petition are restated and incorporated by reference.

48.    With respect to the allegations of Paragraph 48, Defendant Bradley admits the Fourth Amendment prohibits unreasonable seizures involving the use of excessive force; he denies that his actions violated the Fourth Amendment.

49.    With respect to the allegations of Paragraph 49, Defendant Bradley admits a reasonable officer would know the general principle that excessive force violates the Fourth Amendment; he denies that his actions violated the Fourth Amendment.

50.    Denied.

51.    Denied.

### COUNT II—42 U.S.C. §1983
### Fourth Amendment Violation—Failure to Intervene
### (As to Defendant Ray)

52-57. This cause of action is not asserted against Defendant Bradley, and the allegations address the actions of a separate defendant; therefore no response from Defendant Bradley is necessary.

## COUNT III—ASSAULT AND BATTERY
**Oklahoma Governmental Tort Claims Act**
**(As to Defendant City)**

58-68.  This cause of action is not asserted against Defendant Bradley; therefore no response from Defendant Bradley is necessary.  However, to the extent the allegations of Paragraphs 58-68 address the actions of Defendant Bradley, he denies that the force used was intentional, offensive, unnecessary, unreasonable, harmful or excessive.  He further denies the allegation that Plaintiff "posed no threat to herself, Defendants, or anyone else."

## COUNT IV—NEGLIGENT PERFORMANCE
## OF A LAW ENFORCEMENT FUNCTION
**Oklahoma Governmental Tort Claims Act**
**(As to Defendant City)**

69-70.  This cause of action is not asserted against Defendant Bradley, and the allegations address the actions and/or liability of a separate defendant; therefore no response from Defendant Bradley is necessary.

## COUNT V—STATUTORY EXCESSIVE FORCE
**Oklahoma Governmental Tort Claims Act**
**(As to Defendant City)**

71-72.  This cause of action is not asserted against Defendant Bradley, and the allegations address the actions and/or liability of a separate defendant; therefore no response from Defendant Bradley is necessary.

### COUNT VI—*MORALES* CLAIM
## Oklahoma Governmental Tort Claims Act
## (As to Defendant City)

73-74. This cause of action is not asserted against Defendant Bradley, and the allegations address the actions and/or liability of a separate defendant; therefore no response from Defendant Bradley is necessary.

## V.  RELIEF REQUESTED

75.     Denied. With respect to the prayer for judgment and relief following Paragraph 75, Defendant Bradley denies Plaintiff is entitled to recover compensatory or nominal damages, punitive damages, pre-judgment or post-judgment interest, litigation expenses, costs, attorneys' fees or any other relief.

## DEFENSES

1.     Plaintiff has failed to state a claim against Defendant Bradley in his individual capacity for any relief under 42 U.S.C. § 1983.

2.     Plaintiff has failed to state a claim against Defendant Bradley under the Fourth Amendment of the United States Constitution.

3.     Defendant Bradley was acting under color of law, within the course and scope of his employment as a police officer for the City of Oklahoma City, and within the training provided to him by the City of Oklahoma City.

4.     Defendant Bradley was acting pursuant to his statutory duties as a law enforcement officer with respect to all of his interactions with Plaintiff.

5.     Defendant Bradley was acting in good faith and without malice towards Plaintiff or reckless disregard for Plaintiff's Fourth Amendment rights.

6.      Plaintiff's detention was lawful, and was supported by reasonable suspicion and/or probable cause.

7.      Defendant Bradley was entitled to rely on information received from other officers.

8.      Any force used by Defendant Bradley was objectively reasonable, necessary and appropriate in light of the circumstances with which he was confronted.

9.      Any damages sustained by Plaintiff were caused by her own unlawful, intentional and/or negligent acts.

10.     Defendant Bradley is entitled to qualified immunity.

11.     Defendant Bradley's actions did not violate clearly established law.

12.     Claims based on violations of state law or police procedure are not actionable under 42 U.S.C. §1983.

13.     Some or all of the claims asserted by Plaintiff are barred by the statute of limitations.

14.     Plaintiff's damages are subject to and limited by 12 O.S. §3009.1.

15.     Any noneconomic damages claimed by Plaintiff are subject to the statutory limitations contained in 23 O.S. § 61.2.

16.     Defendant Bradley is entitled to settlement, credit or an off-set regarding any settlement with any other party in this case pursuant to Okla. Stat. tit. 12, § 832(H) and/or federal common law.

17.     Plaintiff has failed to state, and the evidence will not support, a claim for punitive damages against any Defendant Bradley.

9

18.    An award of punitive damages would violate the principle of due process and the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Defendant Dan Bradley having fully answered, requests that this Court grant judgment to him and against the Plaintiff, with costs and attorney fees.

Respectfully submitted,

s/ Stacey Haws Felkner
Ambre C. Gooch, OBA No. 16586
Stacey Haws Felkner, OBA No. 14737
COLLINS, ZORN  & WAGNER, P.C.
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone:  (405) 524-2070
E-mail: acg@czwlaw.com
  shf@czwlaw.com

ATTORNEYS   FOR   DEFENDANT
DAN  BRADLEY,  in  his  individual
capacity

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2021, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Damario Solomon-Simmons, email at: dss@solomonsimmons.com
Kymberli J. M. Heckenkemper, email at: kheckenkemper@solomonsimmons.com
SOLOMON SIMMONS LAW, PLLC
601 S. Boulder Ave., Suite 600
Tulsa, OK 74119

J. Spencer Bryan, email at: jsbryan@bryanterrill.com
Steven J. Terrill, email at: sjterrill@bryanterrill.com
BRYAN & TERRILL
3015 E. Skelly Dr., Suite 400
Tulsa, OK 74105

M. Kevin McIlwain, email at: kmcilwain@smilinglaw.com
SMILING, SMILING & BURGESS
Bradford Place, Suite 300
9175 S. Yale Avenue
Tulsa, OK 74137
***Attorneys for Plaintiff***

Richard N. Mann, email at: Richard.mann@okc.gov
Thomas L. Tucker, email at: thomasltucker@okc.gov
Assistant Municipal Counselor
City of Oklahoma City
200 N. Walker Avenue, Suite 400
Oklahoma City OK 73102
***Attorneys for Defendant City of Oklahoma City***


                              s/ Stacey Haws Felkner
                              Stacey Haws Felkner