IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) RUBY JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-21-457-R |
| | ) | |
| (1) CITY OF OKLAHOMA CITY, a municipal corporation; | ) ) | JURY TRIAL DEMANDED |
| (2) DAN BRADLEY, in his individual capacity, | ) ) | |
| (3) RYAN STAGGS, in his individual capacity, and | ) ) | |
| (4) JAMES RAY, in his individual capacity, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT JAMES RAY
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

In response to the allegations of Plaintiff's Second Amended Complaint (Doc. No. 10), Defendant James Ray, in his individual capacity, alleges and states:

### I. INTRODUCTION

1. With respect to the allegations of Paragraph 1, Defendant Ray admits the action is brought under federal and state law. The remaining allegations of Paragraph 1 are denied.

### II. PARTIES, JURISDICTION & VENUE

2. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 2; therefore they are denied.

3. Admitted.

4. The allegations of Paragraph 4 of Plaintiff's Second Amended Complaint Petition do not pertain to Defendant Ray, and are therefore neither admitted nor denied.

5. The allegations of Paragraph 5 of Plaintiff's Second Amended Complaint Petition do not pertain to Defendant Ray, and are therefore neither admitted nor denied.

6. With respect to the allegations of Paragraph 6, Defendant Ray admits he was acting under color of state law and within the scope of his employment as an OCPD officer. The remaining allegations of Paragraph 6 are denied.

7. With respect to the allegations of Paragraph 7, Defendant Ray admits this court has jurisdiction and is a proper venue.

8. The allegations of Paragraph 8 of Plaintiff's Second Amended Complaint do not pertain to Defendant Ray, and are therefore neither admitted nor denied.

### III.  FACTUAL BACKGROUND

9. Defendant Ray's responses to the allegations contained in Paragraphs 1-8 of Plaintiff's Second Amended Complaint are restated and incorporated by reference.

10. Admitted.

11. Admitted.

12. With respect to the allegations of Paragraph 12, Defendant Ray denies he asked for consent.  Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of this paragraph as they relate to the actions of other officers at the scene; therefore, the allegations are denied.

13. With respect to the allegations of Paragraph 13, Defendant Ray denies that he informed Plaintiff the officers had a warrant.  Defendant Ray is without sufficient

knowledge or information to admit or deny the allegations of this paragraph as they relate to the actions of other officers at the scene; therefore, the allegations are denied.

14. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 14, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

15. With respect to the allegations of Paragraph 15, Defendant Ray admits that Chauncey Jones was in a bedroom when he arrived at the scene. He is without sufficient knowledge or information to admit or deny the remaining allegations of this paragraph; therefore, the allegations are denied.

16. With respect to the allegations of Paragraph 16, Defendant Ray admits his gun was drawn. The remaining allegations of Paragraph 16 are denied.

17. Denied.

18. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 18, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

19. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 19, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

20. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 20, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

21. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 21, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

22. Denied.

23. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 23, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

24. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 24, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

25. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 25, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

26. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 26, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

27. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 27, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

28. With respect to the allegations of Paragraph 28, Defendant Ray admits Plaintiff is quoting from the OCPD Operations Manual.

29. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 29, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

30. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 30, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

31. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 31, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

32. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 32, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

33. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 33, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

34. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 34, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

35. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 35, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

36. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 36, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

37. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 37, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

38. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 38, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

39. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 39, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

40. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 40, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

41. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 41, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

42. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 42, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

43. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 43, which relate to the actions of other parties at the scene; therefore, the allegations are denied.

44. Defendant Ray is without sufficient knowledge or information to admit or deny the allegations of Paragraph 44, which relate to the actions of other officers at the scene; therefore, the allegations are denied.

45. The allegations of Paragraph 45 of Plaintiff's Second Amended Complaint do not pertain to Defendant Ray, and are therefore neither admitted nor denied.

46. With respect to the allegations of Paragraph 46, Defendant Ray admits Plaintiff was not charged with or convicted of a crime arising out of this incident. He is without sufficient knowledge or information to admit or deny the remaining allegations; therefore they are denied.

### IV.  CAUSES OF ACTION

### COUNT I—42 U.S.C. §1983
#### Fourth Amendment Violation—Excessive Force
#### (As to Defendants Bradley and Staggs)

47-51. This cause of action is not asserted against Defendant Ray, and the allegations address the actions and/or liability of separate defendants; therefore no response from Defendant Ray is necessary.

### COUNT II—42 U.S.C. §1983
#### Fourth Amendment Violation—Failure to Intervene
#### (As to Defendant Ray)

52. Defendant Ray's responses to the allegations contained in Paragraphs 1-51 of Plaintiff's Second Amended Complaint are restated and incorporated by reference.

53. With respect to Paragraph 53, Defendant Ray admits he was nearby when Defendants Bradley and Staggs handcuffed Plaintiff. The remaining allegations of Paragraph 53 are denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

### COUNT III—ASSAULT AND BATTERY
**Oklahoma Governmental Tort Claims Act**
**(As to Defendant City)**

58-68. This cause of action is not asserted against Defendant Ray, and the allegations address the actions and/or liability of a separate defendant; therefore no response from Defendant Ray is necessary.

### COUNT IV—NEGLIGENT PERFORMANCE OF A LAW ENFORCEMENT FUNCTION
**Oklahoma Governmental Tort Claims Act**
**(As to Defendant City)**

69-70. This cause of action is not asserted against Defendant Ray, and the allegations address the actions and/or liability of a separate defendant; therefore no response from Defendant Ray is necessary.

### COUNT V—STATUTORY EXCESSIVE FORCE
### Oklahoma Governmental Tort Claims Act
### (As to Defendant City)

71-72.  This cause of action is not asserted against Defendant Ray, and the allegations address the actions and/or liability of a separate defendant; therefore no response from Defendant Ray is necessary.

### COUNT VI—*MORALES* CLAIM
### Oklahoma Governmental Tort Claims Act
### (As to Defendant City)

73-74.  This cause of action is not asserted against Defendant Ray, and the allegations address the actions and/or liability of a separate defendant; therefore no response from Defendant Ray is necessary.

### V.  RELIEF REQUESTED

75.  Denied. With respect to the prayer for judgment and relief following Paragraph 75, Defendant Ray denies Plaintiff is entitled to recover compensatory or nominal damages, punitive damages, pre-judgment or post-judgment interest, litigation expenses, costs, attorneys' fees or any other relief.

### DEFENSES

1.  Plaintiff has failed to state a claim against Defendant Ray in his individual capacity for any relief under 42 U.S.C. § 1983.

2.  Plaintiff has failed to state a claim against Defendant Ray under the Fourth Amendment of the United States Constitution.

3. Defendant Ray was acting under color of law, within the course and scope of his employment as a police officer for the City of Oklahoma City, and within the training provided to him by the City of Oklahoma City.

4. Defendant Ray was acting pursuant to his statutory duties as a law enforcement officer with respect to all of his interactions with Plaintiff.

5. Defendant Ray was acting in good faith and without malice towards Plaintiff or reckless disregard for Plaintiff's Fourth Amendment rights.

6. Plaintiff's detention was lawful, and was supported by reasonable suspicion and/or probable cause.

7. Defendant Ray was entitled to rely on information received from other officers.

8. Any force used in this case was objectively reasonable, necessary and appropriate in light of the circumstances with which he was confronted.

9. Defendant Ray had no reasonable opportunity to intervene or prevent the use of force by other officers.

10. Any damages sustained by Plaintiff were caused by her own unlawful, intentional and/or negligent acts.

11. Defendant Ray is entitled to qualified immunity.

11. Defendant Ray's actions did not violate clearly established law.

12. Claims based on violations of state law or police procedure are not actionable under 42 U.S.C. §1983.

13. Some or all of the claims asserted by Plaintiff are barred by the statute of limitations.

14. Plaintiff's damages are subject to and limited by 12 O.S. §3009.1.

15. Any noneconomic damages claimed by Plaintiff are subject to the statutory limitations contained in 23 O.S. § 61.2.

16. Defendant Ray is entitled to settlement, credit or an off-set regarding any settlement with any other party in this case pursuant to Okla. Stat. tit. 12, § 832(H) and/or federal common law.

WHEREFORE, Defendant James Ray, having fully answered, requests that this Court grant judgment to him and against the Plaintiff, with costs and attorney fees.

Respectfully submitted,

s/ Stacey Haws Felkner
Ambre C. Gooch, OBA No. 16586
Stacey Haws Felkner, OBA No. 14737
COLLINS, ZORN & WAGNER, P.C.
429 N.E. 50th Street, 2nd Floor
Oklahoma City, OK 73105-1815
Telephone: (405) 524-2070
E-mail: acg@czwlaw.com
  shf@czwlaw.com

ATTORNEYS FOR DEFENDANTS
BRADLEY, STAGGS and RAY, in their individual capacities

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2021, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Damario Solomon-Simmons, email at: dss@solomonsimmons.com
Kymberli J. M. Heckenkemper, email at: kheckenkemper@solomonsimmons.com
SOLOMON SIMMONS LAW, PLLC
601 S. Boulder Ave., Suite 600
Tulsa, OK 74119

J. Spencer Bryan, email at: jsbryan@bryanterrill.com
Steven J. Terrill, email at: sjterrill@bryanterrill.com
BRYAN & TERRILL
3015 E. Skelly Dr., Suite 400
Tulsa, OK 74105

M. Kevin McIlwain, email at: kmcilwain@smilinglaw.com
SMILING, SMILING & BURGESS
Bradford Place, Suite 300
9175 S. Yale Avenue
Tulsa, OK 74137
*Attorneys for Plaintiff*

Richard N. Mann, email at: Richard.mann@okc.gov
Thomas L. Tucker, email at: thomasltucker@okc.gov
Assistant Municipal Counselor
City of Oklahoma City
200 N. Walker Avenue, Suite 400
Oklahoma City OK 73102
*Attorneys for Defendant City of Oklahoma City*

s/ Stacey Haws Felkner
Stacey Haws Felkner