IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUBY JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   CIV-21-457-R |
| ) | |
| THE CITY OF OKLAHOMA CITY, a ) | **JURY TRIAL DEMANDED** |
| municipal corporation; DAN BRADLEY, in ) | |
| his individual capacity; RYAN STAGGS, in ) | |
| his individual capacity; and JAMES RAY, in ) | |
| his individual capacity, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CITY OF OKLAHOMA CITY'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

**COMES NOW** a Defendant, the City of Oklahoma City, and pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), and 15(a)(3), and the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq.*, respectfully requests this Court dismiss Plaintiff's claims against Defendant City (Counts 3-6 (Doc. 10, Second Amended Complaint)) as Plaintiff's Second Amended Complaint is insufficiently plead and fails to state a claim upon which relief can be granted. In support of its Motion, Defendant City shows as follows:

**BRIEF IN SUPPORT**

**STANDARD OF REVIEW**

"The purpose of a motion to dismiss is to test the sufficiency of the complaint, and the court must accept all allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Conner v. Salina Reg'l Health Ctr., Inc.*, 56 F. App'x

898, 900 (10th Cir. 2003) (internal citations and quotations omitted).  "The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and reads all reasonable inferences in favor of the plaintiff." *Id*.  A dismissal should be granted "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Indeed, "the Court need not accept as true those allegations that are conclusory in nature." *Erikson v. Pawnee County Board of County Commissioners*, 263 F.3d 1151, 1154-55 (10th Cir. 2001).  Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Plaintiff's Second Amended Complaint (Doc. 10) is nothing but a number list of conclusory allegations.  In fact, many of the numbered paragraphs in the counts against Defendant City do not make a statement of the claim, but rather are improper quotations or citations of the law (Doc. 10, ¶¶ 59-62, 67, 70, 72, 74).  A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted).  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*.

Finally, the Tenth Circuit has interpreted the *Twombly* standard "as a middle ground between 'heightened fact pleading,' which is expressly rejected, and complaints that are no

more than 'labels and conclusions,' which courts should not allow." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) citing *Twombly*, 127 S.Ct. at 1964-1965, 1974.

> The Court explained two principles underlying the new standard: (1) when legal conclusions are involved in the complaint '**the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to those conclusions**,' [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949] and (2) 'only a complaint that states a plausible claim for relief survives a motion to dismiss,' *Id*. at 679. Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice. *Twombly*, 550 U.S. at 555. Accordingly, in examining a complaint under Rule 12(b)(6), we will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1190-1191 (10th Cir. 2012).

## FACTUAL BACKGROUND

At approximately 1:40pm on August 24, 2020, Oklahoma City Police Officers responded to a bomb threat made at Red Rock Mental Health Facility. Through caller ID it was determined that Chauncey Jones had made the threat. OCPD officers went to the Plaintiff's residence to locate Mr. Jones.

The first officer on the scene identified Mr. Jones through the screen door and Mr. Jones began to yell at him. The officer's initial attempts to enter the home and secure Mr. Jones were stymied by the Plaintiff, even though they were lawfully at the scene to lawfully apprehend Mr. Jones for his bomb threat.

As soon as the first officer made entry into the home, Mr. Jones threw a large (approximately 8 inch blade) kitchen knife at the officer. After throwing the knife at the officer, Mr. Jones fled to a back bedroom. Plaintiff continued to interfere with the lawful

function of the OCPD, and after several repeated warnings, had to be removed, for her own protection, from the home in order for the OCPD to safely complete the extraction of Mr. Jones.

## PROPOSITION

### THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT PROVIDES DEFENDANT CITY IMMUNITY FROM PLAINTIFF'S CLAIMS.

Plaintiff's claims against Defendant City include assault and battery, negligent performance of law enforcement function, and excessive force. Plaintiff alleges that the force used to remove the Plaintiff from her home for her own protection while the Oklahoma City Police Department attempted to extract Mr. Jones was excessive or unreasonable. Plaintiff apparently seeks to hold Defendant City liable under state law based on *respondeat superior*.

Liability of a political subdivision on state law claims is governed by the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151, *et seq*. The GTCA provides that a municipality may only be liable for the actions of employees that occur in the scope of their employment "subject to the limitations and exception specified in this act." Okla. Stat. tit. 51, § 153. Scope of employment is defined as "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority. . ." Okla. Stat. tit. 51, § 152(12). The exceptions referred to in § 153 are contained in Okla. Stat. tit. 51, § 155. This statute states in part, "[t]he state or a political subdivision shall not be liable if a loss or claim results from: . . . (6) Manner or method of providing police protection." Okla. Stat. tit. 51, § 155(6).

In *Schmidt v. Grady County*, 1997 OK 92, 943 P.2d 595, the Supreme Court of Oklahoma held that the § 155(6) exception exempted the County from liability based upon the actions of the Deputies in taking a person into custody for protective custody and transporting a person to county jail. In *Myers v. Oklahoma County Bd of County Com'rs*, 151 F.3d 1313, 1321 (10th Cir. 1998), the United States Court of Appeals for the Tenth Circuit held that the County was exempt from liability pursuant to § 155(6) for the shooting of a man the deputies were trying to take into protective custody. *See also Pidgeon v. Sweeny*, 2020 U.S. Dist. LEXIS 250952 at *7-9 (WD Okla. December 8, 2020); *Hodge v. Keene*, 2013 U.S. Dist. LEXIS 12505 at *23-30 (WD Okla. January 30, 2013).

In *Samuel v. City of Broken Arrow*, 506 Fed.Appx. 751 (10th Cir. 2012), the Tenth Circuit held that the "Oklahoma Supreme Court has held that 'protection' is the operative word, and that immunity therefore attaches under § 155(6) when police are providing 'protection' as opposed to carrying out a 'law enforcement function.'" *Samuel*, 506 Fed.Appx. at 756, citing *Salazar v. City of Okla. City*, 1999 OK 20, 976 P.2d 1056, 1066 (Okla. 1999). Finally, in "interpreting § 155(6), the Oklahoma Supreme Court has focused on the 'relationship' of the municipality to the plaintiff as a result of the function being provided, **rather than the particular action resulting in injury**." *Snider v. Lincoln Cnty. Bd. of Cnty. Comm'rs*, 313 Fed.Appx 85, 94 (10th Cir. 2008) (emphasis added).

To be clear, the OCPD arrived at the Plaintiff's home to arrest Mr. Jones for calling a bomb threat. Once the first officer on the scene lawfully entered the home, Mr. Jones threw a large kitchen knife down the hall towards where the officer and the Plaintiff were standing. After he threw the knife, Mr. Jones barricaded himself in a back bedroom. While

5

the officers were attempting coordinate a plan to deescalate the situation and safely extract Mr. Jones, the Plaintiff continued to contribute to the chaos and yell at the officers and attempted to prevent them from doing their lawful duties. All the while the Plaintiff was interfering with the law enforcement function of apprehending Mr. Jones, Mr. Jones was yelling back at the officers that he was not going to come out of the room, and that he wanted to start a race war. Realizing that the Plaintiff was only endangering herself and the other officers, and that Mr. Jones was endangering everyone else in the home, including the Plaintiff, the decision was made to place her in protective custody. At this point, the moment where Plaintiff alleges OCPD officers broke her arm, the relationship between OCPD and Plaintiff was one of protection, as the function being provided was to protect her from any harm during the extraction of Mr. Jones.

Because OCPD was providing police protection, Defendant City is exempt from liability on all of Plaintiff's claims. Okla. Stat. tit. 51, § 155(6). Plaintiff's Second Amended Complaint contains no set of facts under which the Defendant City could be liable, rather the Complaint only contains allegations that are conclusory in nature. A dismissal should be granted "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief." *Conley*, 355 U.S. at 45-46. On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## CONCLUSION

Because Defendant City is exempt from liability while providing police protection, Plaintiff is unable to show any set of facts that could entitle her to relief. Accordingly, Defendant City respectfully requests this Honorable Court dismiss all counts against Defendant City and dismiss Defendant City from the lawsuit.

Respectfully submitted,

KENNETH JORDAN
Municipal Counselor

/s/ Thomas Lee Tucker
Richard N. Mann, OBA #11040
Thomas Lee Tucker, OBA #20874
Assistant Municipal Counselors
200 North Walker, Suite 400
Oklahoma City, Oklahoma 73102
(405) 297-2451
richard.mann@okc.gov
thomasltucker@okc.gov
Attorneys for Defendant City

## CERTIFICATE OF MAILING

I hereby certify that on the 21st day of June, 2021, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

/s/ Thomas Lee Tucker
Assistant Municipal Counselor