# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RUBY JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.  5:21-CV-457-R |
| | ) |
| **THE CITY OF OKLAHOMA CITY,** a municipal corporation; **DAN BRADLEY,** in his individual capacity; **RYAN STAGGS,** in his individual capacity; and **JAMES RAY,** in his individual capacity | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Ruby Jones alleges in her Second Amended Complaint, Counts III–VI, that Defendant City of Oklahoma City, through the actions of various Oklahoma City police officers, committed several torts, including: assault and battery, negligent performance of law enforcement functions, and the use of excessive force pursuant to both statute and case law. Doc. 10 at 9–12. Defendant City moves to dismiss these claims pursuant to Fed. R. Civ. P. 12(b)(6).[1]

The Second Amended Complaint alleges that Plaintiff is a 74-year-old woman living in Oklahoma City. Doc. 10 ¶¶ 1–2. On August 24, 2020, Oklahoma City police officers entered her home to arrest Chauncey Jones, Plaintiff's son. *Id.*  ¶¶ 10–11. Plaintiff

---

[1] Defendant also cites to Fed. R. Civ. P. 12(b)(1) and 15(a)(3), however it fails to provide any argument addressing these rules in its brief. Accordingly, the Court limits its consideration to Fed. R. Civ. P. 12(b)(6).

alleges that she refused the officers' request to enter her home, and the officers told her they had a warrant. *Id.* ¶¶ 12–13. She contends the police officers refused to show any warrant to her, and then they forcibly brushed her aside and entered her home, guns drawn. *Id.* ¶¶ 13–16. Her son locked himself in a bedroom, while she stayed out of the officers' way and was in no way threatening towards them. *Id.* ¶¶ 15–17.

Plaintiff contends she begged the officers not to shoot her son, who she alleges suffers from bipolar disorder. *Id.* ¶¶ 18–19. Officers reportedly responded by telling her that she would sit in the police car if she continued protesting. *Id.* Plaintiff asserts that she told the officers she would not do so, at which point they restrained her, told her to stop resisting, and removed her from her bedroom. *Id.* ¶¶ 20, 30. Plaintiff reportedly informed the officers they were harming her, at which point they threw her against the wall, and painfully handcuffed her. *Id.* ¶¶ 20, 25, 27. She collapsed from the pain of these events and alleges that the officers responded by yanking her up and moving her into a police vehicle. *Id.* ¶¶ 36–40, 43. Plaintiff claims she suffered significant emotional and physical trauma from these alleged events, including a broken arm.

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must determine whether a plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). The

Court accepts all the well-pled allegations of the Complaint as true and construes the allegations in the light most favorable to the plaintiff. *Id.*; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001).

Defendant alleges it is immune from liability for these state law tort causes of action under the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, §§ 151 *et seq.* (OGTCA). Although the OGTCA effects a limited waiver of political subdivision immunity for employee torts in most circumstances, § 155 outlines "carefully circumscribed exemptions" to this liability. *Salazar v. City of Okla. City*, 976 P.2d 1056, 1066 (Okla. 1999). Defendant relies on § 155(6), which exempts political subdivisions from claims that result from "the failure to provide, or the method of providing, police, law enforcement or fire protection." The Oklahoma Supreme Court has emphasized that "protection" is the key word in interpreting § 155(6). It has concluded that a governmental subdivision is immune "for deficiency of protective services extended by its police, law enforcement or firefighting components." *Salazar*, 976 P.2d at 1066 (emphasis and citation omitted). The Court distinguished between providing protective services and carrying out law enforcement functions, holding that § 155(6) immunity does not extend to the latter. *Id*.

Defendant posits any injuries Plaintiff suffered came about because of its attempt to protect Plaintiff from her son. Doc. 19 at 6. In support of its position, Defendant cites multiple cases, all of which are based on a motion for summary judgment, not a motion to

3

dismiss. *See Schmidt v. Grady Cnty.*, 943 P.2d 595 (Okla. 1977) (holding that a county could be entitled to immunity under § 155(6) when a woman jumped from a police car while in protective custody); *see also Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313 (10th Cir. 1998) (finding that a municipality was immune from suit on summary judgment based on § 155(6) when police shot a suicidal plaintiff); *see also Samuel v. City of Broken Arrow, Okla.*, 506 F. App'x 751 (10th Cir. 2012) (holding a city was immune from suit on summary judgment based on § 155(6) when police shot a man during a domestic violence incident). Here, Plaintiff's allegations are sufficient to avoid dismissal, because she was injured by police potentially performing a law enforcement function and she was not seeking or in need of protection from the officers.

In *Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dep't*, 230 P.3d 869 (Okla. 2010), § 155(6) immunity did not apply to a city when an officer harmed a student while breaking up a fight at school. The Court held harm to civilians while enforcing the law is not covered by § 155(6) stating, "To accept City's characterization of Officer McCoy's conduct would do away with the distinction between protective services by police and law enforcement activities . . . Plaintiff's claim is for the negligent performance of that [law enforcement] function, not for a deficiency in providing protective services." *Id.* at 876. The facts, when taken in the light most favorable to Plaintiff, make it plausible that Defendant's officers were performing a law enforcement function at the time they allegedly harmed Plaintiff by executing a warrant for her son. Plaintiff claims she was not in danger from her son, nor in need of protection, when police allegedly harmed her. She also alleges that the police told her to stop resisting, making it

4

plausible the police were arresting her for the crime of resisting arrest after interfering with the enforcement of a warrant. These well-pled facts ensure Plaintiff's allegations are sufficient at this juncture to overcome application of § 155(6) immunity.

For the above reasons, Defendant's motion to dismiss, Doc. 19, is **DENIED**.

IT IS SO ORDERED this 17th day of September 2021.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE